UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

SHAHBAZ KHAN,

              Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 30 2015 ★
BROOKLYN OFFICE

14-CR-627

Statement of Reasons for Sentencing
Pursuant to 18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**

I. Introduction ........................................................................................................................1
II. Offense Level and Category .............................................................................................1
III. Law......................................................................................................................................2
IV. 18 U.S.C. § 3553(a) Considerations ..................................................................................3
V. Sentence ..............................................................................................................................4
VI. Conclusion ..........................................................................................................................4

**I. Introduction**

On April 14, 2014, Shahbaz Khan was arrested for assault in the special aircraft jurisdiction of the United States. *See* 49 U.S.C. § 46506(1), 18 U.S.C. § 113(a)(4). The following year, on January 8, 2015, defendant pled guilty.

Mr. Khan was sentenced to one year probation on June 29, 2015. The proceeding was videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for possible review of sentences on appeal).

**II. Offense Level and Category**

The total offense level is 7. The criminal history category is I, yielding a Sentencing Guidelines ("Guidelines") imprisonment range of 0–6 months. U.S.S.G. Ch. 5 Pt. A.

1

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under [section] 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, justifiable parsimony in incarceration is prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary . . . ."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and*

*Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

**IV.     18 U.S.C. § 3553(a) Considerations**

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Mr. Khan, a United States citizen, who is now thirty-one years old, was raised in an intact middle income home in New Jersey. His father is retired from Chase Bank and his mother is supported by disability benefits. He is currently living with his parents in New Jersey.

Mr. Khan suffered from attention deficit hyperactivity disorder in middle school, but his parents refused to seek treatment on his behalf. In college, defendant sought treatment for the condition and was prescribed Adderall. The medication was effective but, after leaving college, he stopped taking it. Off medication, defendant became depressed. He started consuming alcohol excessively to self-medicate.

After multiple attempts to regain control of his addiction, and after the assault at issue in this case, Mr. Khan again sought treatment and was prescribed the drug that had proved effective in regulating his symptoms during college: Adderall. The medication alleviated the symptoms that caused him to crave alcohol, allowing him to successfully complete a thirty-day in-patient rehabilitation treatment program. After leaving the facility, Mr. Khan re-enrolled as an outpatient. In March 2015, he successfully completed the outpatient treatment program.

Sober since August 22, 2014, Mr. Khan currently sees a psychiatrist once a month for therapy and medication monitoring. In the spring of 2015, he started taking courses at Middlesex Community College. He plans to enroll full-time in the fall and is committed to

earning a degree, finding a job, and continuing his sobriety, all of which can be more effectively achieved while under supervision, not incarceration.

## V. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature and circumstances of the offense, and the history and characteristics of the defendant, on June 29, 2015, Mr. Khan was sentenced to one year probation. *See* Hr'g Tr., June 29, 2015. A $25 special assessment was imposed. *Id.* A $1,000 fine was assessed, payable within one year. *Id.*

## VI. Conclusion

General and specific deterrence are achieved by the sentence imposed. All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: July 16, 2015
Brooklyn, New York